

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:        Attention:  Mr. John Vickers

Opinion No. O-2919
Re: Whether the Secretary of
State is authorized under
Article 7089a to require
beginner corporation to
file an affidavit which
would provide substantially
the same information required
to be compiled under Article
7089, cause the records of
such corporation to be closed
at a date immediately preced-
ing May 1, and from such affi-
davit determine and collect
the franchise tax due May 1;
and related questions.

We are in receipt of your letter of November
20, 1940, in which you submit the following questions
to this department for an opinion:

(1) Is the Secretary of State author-
ized and empowered to act under Article
7089a and require a beginner corporation to
file an affidavit, which would provide sub-
stantially the same information required to
be compiled under Article 7089, and cause
the records of such corporation to be closed
at a date immediately preceding May 1, and
from such affidavit determine and collect
the franchise tax due May 1?

Hon. M. O. Flowers, page 2

(2) If the answer of the above question is "Yes", should the demand upon the corporation require the books to be closed on a definite date, or upon an indefinite date to be determined by the corporation from a standpoint of convenience and as near to May 1 as possible, which would enable them to file the report and pay the taxes on that date?

(3) If the records are to be closed at a fixed time, what date should be the closing time?

(4) If it has been decided that we do have this authority, would this Department have the further authority to audit all back franchise tax accounts and re-assess franchise taxes, or would the state be estopped by this prior departmental practice?

Article 7084, Revised Civil Statutes, 1925, as amended, reads in part as follows:

"Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas, shall, on or before May 1st of each year, pay in advance to the Secretary of State a franchise tax for the year following, based upon that proportion of the outstanding capital stock, . . ."

Article 7086, Revised Civil Statutes, 1925, provides in part:

"Whenever a private domestic corporation is chartered in this State, . . . such corporation shall be required to pay in advance to the Secretary of State, as its franchise tax from that time down to and including the thirtieth day of April next following, only such proportionate part

Hon. M. O. Flowers, page 3

of its annual franchise tax, as hereinabove
prescribed, as the period of time between
the date of filing of its articles of in-
corporation or the issuance of its permit
to do business, as the case may be, and
on the first day of May following, bears
to a calendar year."

Article 7087, Revised Civil Statutes, 1925,
reads as follows:

"To determine the amount of the first
franchise tax payment required by this
chapter of any domestic corporation which
may be hereafter chartered, or of any for-
eign corporation which may hereafter apply
for a permit to do business within this
State, and also to determine the correct-
ness of any report which is provided for
in this chapter, the Secretary of State
may, whenever he deems it necessary or
proper to protect the interests of the
State, require any one or more of the of-
ficers of such corporations to make and
file in the office of the Secretary of
State an affidavit setting forth fully the
facts concerning the amount of the surplus
and undivided profits, respectively, if
any, of such domestic or foreign corpora-
tion; and until the Secretary of State shall
be fully satisfied as to the amount of such
surplus and undivided profits, respectively,
if any, he shall not file the articles of
incorporation of such proposed domestic
corporation, or issue such permit, or ac-
cept such franchise tax."

Article 7089, Revised Civil Statutes, 1925,
reads as follows:

Hon. M. O. Flowers, page 4

"Except as herein provided, all cor-
porations now required to pay an annual
franchise tax shall, between January 1st
and March 15th of each year, make a sworn
report to the Secretary of State, on
blanks furnished by that officer, showing
the condition of such corporation on the
last day of its preceding fiscal year. . ."
(The statute here makes various provisions
concerning the contents and filing of the
report, and other matters.)

Article 7089a, Revised Civil Statutes,
Acts 1930, 41st Legislature, 5th Called Session, page
220, Chapter 68, Section 4, reads as follows:

"The forms prescribed shall contain
other information as the Secretary of State
may deem advisable and he may adopt rules
and regulations providing for the enforce-
ment of the provisions hereof and may re-
quire corporations to cause such records
as may be necessary in determining the
amount of taxes that may be due hereunder.
No tax shall be paid which may not be col-
lected under the State and Federal Consti-
tution."

Your letter discussing the above questions
and statutes continues as follows:

"For the purposes of this opinion
consider a corporation formed between
January 1 and May 1. Articles 7086 and
7087 prescribe the procedure to be fol-
lowed in ascertaining the correct amount
of tax due from date of incorporation to
May 1. Article 7089 requires all corpora-
tions to file between January 1 and March
15 of each year (which time may be extended
to May 1) a franchise tax report showing the
condition of such corporation on the last
day of its preceding fiscal year. Obvious-
ly a corporation incorporated during the
time under consideration has not had suf-
ficient time prior to May 1 to complete a
fiscal year. Article 7087, on the other

hand, merely prescribes the procedure to
be followed in determining the tax from
date of incorporation down to May 1, and
makes no mention of the method to be fol-
lowed in ascertaining the tax due on May 1.
Article 7089a provides that the Secretary
of State may adopt rules and regulations
providing for the enforcement of the pro-
visions of Article 7089, and may require
corporations to cause such records as may
be necessary in determining the amount of
taxes that may be due under Article 7084.

"As an illustration of the problem
confronting this office we cite the case of
a corporation incorporated February 9, 1935,
with a capital of $209,000.00, whose taxable
capital was increased $511,000.00 two days
thereafter. Frequently, corporations are
created for the purpose of borrowing money
to prevent individual liability. On the other
hand, the corporation might increase or de-
crease its capital stock, or be conveyed a
large amount of assets which would create
a large surplus between the date of incorpora-
tion and the following May 1.

"It has been a consistent practice of
this office for the Charter Division to as-
certain the amount of tax due at the time of
incorporation, and also advise the corpora-
tion of the amount of tax due on May 1 follow-
ing the date of incorporation, based upon
the taxable capital disclosed by the charter.

"While this is the customary and most
expedient method of handling the matter, the
writer is unable to find any statutory author-
ization for the computation of the franchise
tax due on May 1, in this manner, nor is there
any specific statutory authorization for the
compilation of this tax by any other means,
other than the possible implication of Article
7089a."

Hon. M. O. Flowers, page 6

The Attorney General's opinion to which you refer, addressed to Hon. W. W. Heath, dated October 18, 1934, makes the following rulings:

". . . it is the opinion of the writer that the annual report to be filed between January 1st and March 15th should show the condition of a corporation on the last day of its preceding fiscal year prior to January 1st. . . .

". . . it is the opinion of the writer that before a domestic corporation is required to file what you term a regular report and suffer penalties therefor for failure to file said report, it must have had a complete fiscal year prior to the time in which it is required to file its annual report. In other words, it must have had a complete fiscal year prior to January 1st.

". . . I will state that if a domestic corporation has had a complete fiscal year prior to January 1st, it is required to file its annual report between January 1st and March 15th, and the franchise tax must of necessity be based upon said report. On the other hand, if the corporation is not liable for the filing of an annual report, since it had no fiscal year, then you must compute the tax from the records in your office relating to such corporation, unless you deem other information necessary to determine the amount of tax that may be due. In such event you may require an affidavit, or may require such corporation to cause such records as you deem necessary in determining the amount of tax that may be due."

Hon. M. C. Flowers, page 7

The fact that a beginner corporation may increase its taxable capital under Article 7084, between the date of incorporation and May 1st without such increase being taxable under your departmental practice does not place it in a different position from an older corporation which increases its capital on May 2nd or between its preceding fiscal closing and May 1st. Opinion No. 0-764.

We agree with your conclusion that the statutes do not make definite provision for the procedure to be followed in ascertaining the amount of tax due in advance on the May 1st next succeeding the incorporation of a beginner corporation. This being true, the long established and consistent construction and practice of your department, which you also state is the most expedient, in the language of the Court in Clark v. Atlantic Pipe Line Co. (Tex. Civ. App., 1939, writ refused) 134 S. W. (2d) 322, "may therefore become a determining factor. Especially is this true regarding revenue measures, the administration of which is under constant observation of the legislature."

We find nothing in the statutes which would justify us in advising you to depart from the long established procedure followed by your department in computing the first tax due on May 1st. Your first question is therefore answered in the negative and it becomes unnecessary to answer the remaining questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:LW

APPROVEDDEC 11, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN